## Commonwealth v. Wood

*Patrick Connors, assistant district attorney,* for the commonwealth.

*John J. McCreesh,* for defendant.

BLOOM, *J.,* March 21, 1986—On December 23, 1985, this court heard the above-numbered appeal. After presentation of testimony, we found this defendant guilty. Defendant timely filed post-trial motions which were argued before this court.

The facts of this matter are not in dispute and are summarized as follows:

(1) On December 8, 1984, Officer Edward Lynch of the Marple Township Police Department stopped defendant who was driving a vehicle with an expired inspection sticker.

(2) The officer requested information from the state police computer concerning the status of defendant's driving privileges.

(3) Upon learning that defendant's license was suspended, the officer issued a citation for a violation of section 1543A of Title 75.

(4) At one of the hearings scheduled in this matter, the commonwealth, after receiving certification of the fact that defendant's driving privileges were suspended for a DUI charge, amended the citation to reflect a violation of 1543B.

(5) No objection to this amendment was made either before the district justice or this court.

(6) At trial, the commonwealth presented a certified copy of defendant's driving record which indicates that on September 24, 1984, defendant's license was suspended for a conviction of 75 Pa.C.S. §3731, Driving under the Influence of Alcohol or Controlled Substance.

(7) Defendant did not contest the fact that his license had been suspended.

(8) After hearing the testimony we found defendant guilty of a violation of 75 Pa.C.S. §1543B.

(9) Defendant filed boiler-plate post-trial motions, all of which were meritless.

(10) From our decision, defendant has appealed to the Superior Court, thus necessitating this opinion.

The issue before this court is whether the commonwealth properly amended the citation.

Defendant has failed to submit one case which would lend favor to his argument. The officer testified that the original hearing was continued numerous times, either because defendant or his attorney were unavailable. The officer further testified that on March 2, 1985, he amended the citation at the rescheduled hearing. Neither defendant nor his counsel objected at that level. The officer testified on redirect that the amendment took place before the hearing in front of the district justice. The officer further testified that defendant was present in the court when the amendment took place.

Defendant did not contradict the testimony of the officer. He admitted that on the night in question he drove his girlfriend's truck approximately 200 feet.

Defendant was given the opportunity to contradict the officer but did not do so. We are of the opinion that defendant was aware of the fact that the citation was properly amended.

While our research has uncovered no appellate decisions on point, we are persuaded by the rationale in *Commonwealth v. Lambert,* 28 D.&C.3d 339 (1983). The court in *Lambert,* supra, correctly pointed out that under rule 70 of the Pennsylvania Rules of Criminal Procedure, the citation could be amended. In the present action, the officer did amend the citation prior to the hearing. Defendant has been treated fairly.

We note with interest that the violation took place more than one year ago and that defense counsel has successfully kept his client out of jail for this long a period. We believe that the appeal in this matter is frivolous and is meant only to further delay the lawful sentence handed down by this court.

For all of the above reasons, we entered our order of December 23, 1985.